Steven O. REDALEN, Respondent,

v.

FARM BUREAU LIFE INSURANCE
COMPANY, Relator,

Commissioner of Jobs and
Training, Respondent.

No. C3–93–185.

Court of Appeals of Minnesota.

Aug. 3, 1993.

Robert C. Boisvert, Jr., Fredrikson & By-
ron, P.A., Minneapolis, for Steven O. Redal-
en.

James P. Young, Todd Lundquist, Lund-
quist Law Offices, Minneapolis, for Farm
Bureau Life Ins. Co.

Kent E. Todd, Minnesota Dept. of Jobs
and Training, St. Paul, for Commissioner of
Jobs and Training.

Considered and decided by SHORT, P.J.,
and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Relator Farm Bureau Life Insurance Company (Farm Bureau) challenges a decision issued by the representative of respondent Commissioner of Jobs and Training, which held that Farm Bureau's employee, respondent Steven Redalen, was entitled to receive unemployment compensation benefits. We reverse.

## FACTS

Redalen worked as an agent and manager for Farm Bureau from February 1, 1976 until May 1, 1992. In 1988, he allegedly began sexually harassing another employee, Kathryn Chiglo. Chiglo subsequently resigned from Farm Bureau. On May 5, 1989, Chiglo commenced a lawsuit accusing Farm Bureau of sexual harassment. She later amended her complaint to add Redalen and two supervisors as defendants. Farm Bureau conducted its own investigation of the sexual harassment allegations which did not substantiate Chiglo's allegations. Farm Bureau did not take any disciplinary action against Redalen at that time, but instead waited until the legal process had run its course.

After a jury trial in March 1992, Chiglo was awarded over $400,000 and the trial court made specific findings that Redalen had sexually harassed Chiglo. Chiglo had sued for negligence, breach of contract, and violation of Minnesota Human Rights Act. Chiglo prevailed on the negligence theory and the human rights violation. These claims arise from the same conduct by Redalen and Farm Bureau. While such parallel actions may be maintained, double recovery is not allowed. *See Wirig v. Kinney Shoe Corp.*, 461 N.W.2d 374, 379 (Minn.1990). The trial court made findings and conclusions of law regarding the damage awards under each theory, then set aside the lesser of the two and awarded Chiglo damages for sexual harassment as a human rights violation. Farm Bureau settled the case with Chiglo before the appeal period expired. On May 1, 1992, Farm Bureau discharged Redalen because of sexual harassment of Chiglo.

Redalen applied to the Department of Jobs and Training for unemployment compensation benefits. A claims representative disqualified Redalen from receiving unemployment compensation benefits because he was discharged for misconduct. Redalen appealed, and a referee concluded Redalen had not been discharged for misconduct, but merely because of the jury verdict. The Commissioner's representative affirmed. We reverse.

## ISSUES

1. Was Redalen's misconduct the cause of his termination?

2. Should the trial court's finding of sexual harassment be given res judicata effect?

## ANALYSIS

### I.

An individual who is discharged for misconduct is disqualified from receiving unemployment compensation benefits. Minn.Stat. § 268.09, subd. 1(b) (1992). An employee's sexual harassment of another employee may constitute misconduct. *Gradine v. College of St. Scholastica*, 426 N.W.2d 459, 462 (Minn.App.1988), *pet. for rev. denied* (Minn. Aug. 24, 1988); *Reed v. Minnesota Dep't of Transp.*, 422 N.W.2d 537, 539 (Minn.App.1988), *pet. for rev. denied* (Minn. June 29, 1988).

The Commissioner's representative found:

> On May 1, 1992, the claimant was dismissed from his job because he had been found guilty by the Court and the jury. Prior to that time, the employer had been supportive of the claimant, and the employer had concluded, based upon its own investigation, that the claimant had not engaged in improper conduct with regard to the former female employee.

Farm Bureau discharged Redalen approximately three years from the date of the alleged misconduct. Farm Bureau argues that Redalen's discharge was not too re-

mote from the alleged misconduct, and that Redalen's discharge for sexual harassment disqualifies him for unemployment benefits because his actions constituted misconduct. We agree.

■■■ Lapse of time between the alleged misconduct and discharge, absent circumstances that would explain the delay, may tend to negate a causal relation between the misconduct and the discharge. But this has never been an absolute rule of law. Here, we find a valid explanation for Farm Bureau's delay. Farm Bureau's initial investigation, at least to it, did not substantiate the claimant's allegations. On the other hand, its investigation did not disprove them. Farm Bureau chose not to fire Redalen immediately but to retain him as long as the allegations of misconduct remained unsubstantiated. It cannot be held against an employer that during a pending lawsuit they chose to let the legal process run its course before making a final determination. Farm Bureau could have discharged Redalen immediately upon the filing of the complaint, and then resisted his attempt to claim unemployment if he filed a claim, but they were not required to do so. Farm Bureau did not waive their right to claim misconduct by not immediately firing Redalen and likely prejudicing itself in the lawsuit where it was also a named defendant. Based on an internal investigation which was inconclusive, Farm Bureau had a right to wait for the trial to conclude. Once the jury awarded substantial damages and the trial court made specific findings of sexual harassment, Farm Bureau was entitled to discharge Redalen and defend against his claim of unemployment benefits on the basis that misconduct had occurred.

We note that Farm Bureau's decision to wait for the results of the jury trial substantially benefitted Redalen. He received his $60,000 salary up until discharge rather than the smaller amount in unemployment compensation benefits he would have filed for had Farm Bureau discharged him immediately upon receiving Chiglo's complaint. In addition, waiting for the litigation to conclude left open for Redalen the

possibility the jury would find in his favor, and he would keep his job. It was semantics for the Commissioner's representative to find that Redalen had been discharged because of the "verdict," and not for misconduct. The verdict confirmed Chiglo's allegations of sexual harassment, which constituted misconduct. The reality is that Redalen was discharged for misconduct.

## II.

■■ Appellant argues the trial court's determination of sexual harassment should not be given res judicata effect. We conclude the trial court's finding that Redalen sexually harassed Chiglo is sufficient evidence of misconduct and should be given res judicata effect. This case is distinguishable from *Knutson v. DJM Transp., Inc.*, 413 N.W.2d 598, 600 (Minn.App.1987), where this court determined that a trial court judgment was not res judicata in an unemployment compensation proceeding since that court had not determined the issue being litigated. Once the trial court made its findings in that case, a further question had to be decided—whether the employer's actions constituted "good cause" for the employee to quit. *Id.*

In this case, once the finding of sexual harassment was made, there was no further question of whether Redalen's sexual harassment of Chiglo constituted "misconduct." *See Gradine*, 426 N.W.2d at 462; *Reed*, 422 N.W.2d at 539. Furthermore, the issue was decided in a jury trial with more procedural protection than an abbreviated agency hearing. It is fair to give the trial court judgment res judicata effect on the issue of misconduct. Redalen was allowed to present whatever evidence he wished at the trial. The trial court's findings, conclusions, and order contain sufficient evidence of sexual harassment so that the entire record of the trial need not have been submitted into evidence at the unemployment compensation proceeding.

Redalen was terminated from his employment for his misconduct in sexually harassing Chiglo. He is disqualified from receiving unemployment compensation benefits.

## DECISION

The Commissioner's representative erred by determining that Redalen's sexual harassment of Chiglo was not the cause of his termination. The trial court's finding of sexual harassment may be given res judicata effect on the issue of misconduct in the unemployment compensation proceeding.

**Reversed.**